IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELIZABETH BOYETT SMITH,**

    Plaintiff,

vs.                               Case No. 4:11cv564-WS/CAS

**UNITED STATES DEPARTMENT
OF JUSTICE, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, initiated this civil rights action, filed under 28 U.S.C. § 1331 or § 1346, on October 31, 2011. Doc. 1. Service was directed, doc. 10, and on March 30, 2012, the Department of Justice, Bureau of Prisons filed a motion for summary judgment.[1] Doc. 17. On April 6, 2012, the Department of Justice, Bureau of Prisons filed a Motion to Dismiss. Doc. 19.

Because the summary judgment motion would be moot if the motion to dismiss were granted, Plaintiff was directed to respond to the motion to dismiss only. Docs. 21, 28. Plaintiff has filed her response in opposition, doc. 34, and the motion is ready for a ruling.

---

[1] The motion for summary judgment was not filed on behalf of the individually named Defendants. However, on September 24, 2012, a motion to dismiss was filed on behalf of the five individually named Defendants. Doc. 43.

**The Complaint**

Plaintiff's complaint is brought against the Department of Justice, Bureau of Prisons, and five individuals, all of whom were employed by the Bureau of Prisons. Doc. 1. The complaint was filed on a civil rights complaint form for use by federal prisoners in submitting actions under 28 U.S.C. § 1331 or § 1346, doc. 1, although Plaintiff attached separate pages to state the facts of her case. Doc. 1-1. Plaintiff stated claims for violations of her Eighth and Fourteenth Amendment rights. Doc. 1 at 7. Plaintiff seeks punitive and compensatory damages as well. *Id.*

**The Motion to Dismiss**

The motion to dismiss asserts that because Plaintiff is seeking monetary damages against the individual Defendants, her claims may proceed pursuant to *Bivens*,[2] but such an action may not be brought against a federal agency. Doc. 19 at 1-2. The Department of Justice, Bureau of Prisons seeks dismissal on the basis that Plaintiff improperly included this federal agency as a defendant in this case.

**Plaintiff's Response**

Plaintiff contends that the "Tort Claims Act makes the United States liable (with certain exceptions), for the negligence of its employees . . . ." Doc. 34 at 1. Plaintiff contends she has "alleged the six required elements necessary to meet the set criteria"

---

[2] In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court established that victims of a federal officer's violation of the Constitution may recover damages against that official in federal court despite the absence of any statute (such as 42 U.S.C. § 1983) conferring such right. A Bivens action is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution.

Case No. 4:11cv564-WS/CAS

and the Department of Justice, Bureau of Prisons "should not be allowed to escape liability for its employees misconduct." *Id.* at 3.

**Analysis**

Plaintiff is correct that the Federal Tort Claims Act [hereinafter FTCA] is an exception to the Government's sovereign immunity for certain tort claims. Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam), *quoted in* Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008). However, there are several reasons why that argument is of no help to Plaintiff.

First, Plaintiff did not allege a claim under the FTCA in her complaint, but only alleged claims for the violation of her Eighth and Fourteenth Amendment rights. Doc. 1. Second, Plaintiff cannot amended her complaint to add a claim under the FTCA because this Court "does not have 'jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain.'" Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006), *quoted in* Kruger v. United States, 686 F.Supp.2d 1333, 1335 (N.D. Ga. 2010); 28 U.S.C. § 2675.

To bring a claim under the FTCA, exhaustion of administrative remedies is required by 28 U.S.C. § 2675(a) which provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim

within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

McNeil v. United States, 508 U.S. 106, 107, n.1, 113 S.Ct. 1980, 1981, 124 L.Ed.2d 21 (1993), *quoting* 28 U.S.C. § 2675(a).  Plaintiff has not shown that she submitted any claim to the Bureau of Prisons alleging a claim under the FTCA.

Attached to the complaint were copies of Plaintiff's grievances.  Doc. 1.  Attachment A contains Informal Resolution Process forms submitted by Plaintiff in April 2010 and a Request for Administrative Remedy.  Doc. 1-2.  Attachment B contains responses, additional Requests for Administrative Remedy, and Regional Administrative Remedy Appeals.  Doc. 1-3.  Other attachments contain several of Plaintiff's Inmate Requests to Staff.  Doc. 1-6 at 14, 23-25.  All of those grievances were submitted through the prison's grievance process and appear sufficient to have exhausted administrative remedies[3] on her *Bivens* claims against the federal officers as is required by 42 U.S.C. § 1997e(a).  However, there are separate procedures for exhausting tort claims and claims involving the conditions of confinement.  *Cf.* 28 C.F.R. § 542.10 et seq. with 28 C.F.R. § 543.30 et seq.  Lambert v. United States, 198 Fed.Appx. 835, 840, 2006 WL 2468533, at *4 (11th Cir. Aug. 28, 2006) (dismissing *Bivens* claim for failure to exhaust administrative remedies notwithstanding that plaintiff exhausted

---

[3] Exhaustion for a federal prisoner requires completing a three-level process. See 28 C.F.R. §§ 542.10-542.16.  A prisoner's complaint must be initiated at the prison and, if denied, must be appealed successively to the Regional Director and General Counsel of the Bureau of Prisons. First the inmate must file form BP-9 with the warden of her institution.  If dissatisfied with the response, the inmate can appeal to the Regional Director, using form BP-10.  The inmate can further appeal to the General Counsel in the Bureau of Prisons Central Office using form BP-11.  This statement concerning exhaustion of administrative remedies for the *Bivens* claim is not intended to be a ruling on that issue but included solely as notice that exhaustion has not been shown for an FTCA claim.

administrative remedies on his FTCA claim); Flores-Estrada v. Wombacher, 2010 WL 724447, at *4 (S.D. Fla. Feb. 25, 2010) (dismissal of plaintiff's *Bivens* claim left pending a FTCA claim against the United States). Because Plaintiff did not file an administrative claim with the Bureau of Prisons pursuant to the FTCA, this Court lacks jurisdiction[4] to consider such a claim, had one been raised in the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 19, filed by the Bureau of Prisons be **GRANTED**, that Plaintiff's complaint, doc. 1, be **DISMISSED** as to the Bureau of Prisons, and that the motion for summary judgment, doc. 17, filed by the Bureau of Prisons be **DENIED** as moot, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2012.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[4] Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993), *quoted in* Turner, 514 F.3d at 1200.