IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELIZABETH BOYETT SMITH,**

    Plaintiff,

vs.                                  Case No. 4:11cv564-WS/CAS

**UNITED STATES DEPARTMENT
OF JUSTICE, et al.,**

    Defendants.

    _____/

**O R D E R**

A motion to dismiss, doc. 43, was filed by the individual Defendants named in Plaintiff's complaint, doc. 1.  Plaintiff, a pro se federal prisoner, filed a response in opposition to the motion on October 5, 2012.  Doc. 44.  On October 30, 2012, Plaintiff filed another response.  Doc. 46.

Defendants' motion to dismiss contends the case should be dismissed for failure to state a claim.  Doc. 43.  The motion is a total of eight pages in length.  *Id.*  Defendants contend that Plaintiff alleges only verbal harassment which is insufficient to state an Eighth Amendment claim.  *Id.*

Plaintiff's first response is a total of thirty-four pages, but contains seventeen pages of attachments.  Doc. 44.  Plaintiff's second response is a total of fourteen pages

and primarily addresses exhaustion and asserts that Plaintiff submitted a tort Claims Act against the Bureau of Prisons.  Doc. 46.  That document is not responsive to the argument raised in the pending motion to dismiss, doc. 43, filed by the individual Defendants.

Previously, a motion to dismiss, doc. 19, had been filed by the United States Department of Justice, Bureau of Prisons.  Plaintiff already filed her response, doc. 34, in opposition to that motion to dismiss, doc. 19, and a Report and Recommendation, doc. 45, is currently pending.  Plaintiff's second response, doc. 46, is not responsive to either the pending motion, doc. 43, or the earlier motion, doc. 19.  Plaintiff continues to make arguments relevant to the Federal Tort Claims Act and no claim has been presented in this case pursuant to the Federal Tort Claims Act.

Thus, Plaintiff shall be provided until **November 29, 2012**, to submit an amended response, clearly titled as such, that is responsive to, and addresses the arguments presented in, the pending motion to dismiss, doc. 43.  Plaintiff is advised that because her prior responses do not address Defendants' arguments, doc. 43, they will not be considered.  Plaintiff is further advised that Plaintiff is advised that pursuant to N.D. Fla. Loc. R. 7.1(C)(1), a party wishing to oppose a motion has "fourteen (14) days from the date of service of the motion in which to file and serve a responsive memorandum . . . in opposition to the motion."  By virtue of this Order, Plaintiff is given additional time in which to respond.  Plaintiff is advised that "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion."  N.D. Fla. Loc. R. 7.1(C)(1).

Accordingly, it is

**ORDERED:**

1. Plaintiff's responses, docs. 44 and 46, will not be considered because they do not respond to the arguments raised in the motion to dismiss, doc. 43.

2. Plaintiff shall have until **November 29, 2012**, to file an "amended response," clearly titled as such, which addresses the arguments raised in the motion to dismiss, doc. 43, filed by the five individuals named as Defendants in this action, Warden Billy Taylor, Cornelius Jones, Moses Collins, George Williams, and Mark Liles.

3. Plaintiff shall immediately file a notice to the Clerk's Office in the event that her address changes or she is transferred or released from custody.

4. **Failure to comply with this Court Order may result in a recommendation to grant the motion to dismiss, doc. 43, which would dismiss this action.**

5. The Clerk of Court shall return this file upon Plaintiff's filing of a response in opposition to the pending motion to dismiss, doc. 43, or no later than **November 29, 2012**.

**DONE AND ORDERED** on November 1, 2012.

      **S/    Charles A. Stampelos**
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**